# IN THE COURT OF APPEALS OF IOWA

No. 19-1396
Filed December 18, 2019

**IN THE INTEREST OF H.B.,**
**Minor Child,**

**R.B., Mother,**
     Appellant.

_____

     Appeal from the Iowa District Court for Des Moines County, Emily Dean,

District Associate Judge.


     A young mother appeals the order terminating her parental rights to her son.

**AFFIRMED.**


     Heidi D. Van Winkle of Van Winkle Law Office, Burlington, for appellant

mother.

     Thomas J. Miller, Attorney General, and Anna Stoeffler (until withdrawal)

and Mary A. Triick, Assistant Attorneys General, for appellee State.

     Joshua P. Schier of Cray Law Firm, PLC, Burlington, attorney and guardian

ad litem for minor child.



     Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

A mother, age twenty-two, appeals an order terminating her parental rights to H.B., her now three-year-old son. The juvenile court found the mother's substance abuse left her unable to safely parent her son. The mother, Ravin, challenges that finding. Ravin contends she is fully engaged in treatment and is not imminently likely to abuse or neglect her child. She also claims termination is not in H.B.'s best interests because of his strong bond with her. Because Ravin continued to test positive for cocaine, even after H.B. was removed from her care three times and was not forthcoming about her drug abuse, we agree termination of parental rights is necessary.[1]

## I.  Facts and Prior Proceedings

H.B. has been in and out of foster care. When H.B. was fourteen months old, he suffered a skull fracture after he pulled a "box-style television" onto his head. Ravin had been smoking marijuana and not supervising the toddler. At the hospital, H.B. tested positive for cocaine. The juvenile court approved the recommendation of the Iowa Department of Human Services (DHS) to remove H.B. from Ravin's care in February 2018. Ravin participated in substance-abuse treatment and reunified with H.B. four months later.

But shortly after their reunion, Ravin started avoiding contact with the DHS—though H.B. remained a child in need of assistance (CINA). Ravin quit

---

[1] We review child-welfare cases de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). While not bound by the juvenile court's fact findings, we give them weight, particularly on credibility issues. *Id.* The State must present clear and convincing evidence to support the termination. *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014). Evidence satisfies that standard if no serious or significant doubts exist about the correctness of conclusions of law drawn from the proof. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The child's best interests remain our primary concern. *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019).

substance-abuse treatment and left the state without notifying the DHS. With court approval, the DHS removed H.B. for the second time in August 2018.

Ravin responded to the second removal by reinitiating treatment. By December 2018, the DHS believed it was safe again to return H.B. to her care.

The return lasted less than two months because Ravin tested positive for cocaine. Ravin did not admit to the cocaine use. Instead, she insisted her exposure was "inadvertent"—suggesting when she was out drinking alcohol with friends she may have smoked someone else's cigarettes laced with cocaine. Since his third removal in February 2019, H.B. has remained in family foster care. Ravin was arrested for operating while intoxicated in March 2019.

In April 2019, the State petitioned for termination of Ravin's parental rights. That same month, she entered Hope House for inpatient substance-abuse treatment. During the hearing in mid-June 2019, Ravin testified she could care for H.B. at Hope House. She also testified she was fifteen weeks pregnant. She reported the new baby's father was Javon, who had pending criminal charges for possession of cocaine and ecstasy.

In August 2019, the juvenile court issued its order terminating Ravin's parental rights under Iowa Code section 232.116(1)(h) (2019).[2] Ravin now appeals.

---

[2] The juvenile court also terminated the parental rights of H.B.'s putative father, who did not participate in the proceedings. He does not appeal.

**II.    Analysis**

**A.    Statutory basis for termination**

Ravin first argues the State failed to offer clear and convincing evidence to satisfy the elements of Iowa Code section 232.116(1)(h).[3]   Specifically, she contests the fourth element, citing "her readiness and desire" to complete treatment and resume care of her son.   She disputes the juvenile court's assessment that she was not credible when she testified that she did not purposely ingest cocaine.

Like the juvenile court, we find clear and convincing evidence H.B. cannot be returned to Ravin's custody at the present time.   *See In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) (measuring "present time" from point of termination hearing). H.B. cannot be returned to her custody under section 232.102(11) if the return would expose him to any harm amounting to a new CINA adjudication.   *See In re M.M.,* 483 N.W.2d 812, 814 (Iowa 1992).   The risk of harm to H.B. has ebbed and flowed with Ravin's commitment to sobriety.   And the caroming of H.B. between home and foster care has been the continuing dynamic of this case.

The record supports the juvenile court's skepticism that Ravin's latest attempt at substance-abuse treatment could be the gateway to lasting stability.

---

[3] Termination under that section requires showing:

   (1) The child is three years of age or younger.

   (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

   (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

   (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The outlook is gloomy for two reasons. First, Ravin was not truthful about her cocaine abuse. Second, she has made poor choices in friends and paramours. We defer to the juvenile court's finding Ravin lied about not using cocaine. *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997) ("Where there is conflicting evidence on some issues, we give consideration to the juvenile court on issues of credibility."). Likewise, her continued association with Javon, a known drug user, undermines her assertion she is ready to resume parenting H.B. full time once she completes the inpatient treatment. Ravin would allow Javon in the home during visits with H.B. though the boyfriend's presence was against DHS directives.

On appeal, Ravin rationalizes her parenting deficiencies by pointing out she is "a very young mother" without positive family support. While both may be true, that rationalization does not protect H.B. from harm. We appreciate Ravin has sought drug treatment during the CINA case with hopes of reunifying with H.B. But his repeated removals are a heartbreaking reminder she cannot overcome her addiction at the present time to provide her son with a safe home. The juvenile court properly terminated under section 232.116(1)(h).

**B.      Best interests of the child**

Ravin next argues termination of her parental rights does not serve H.B.'s best interests. She disputes the juvenile court's finding that their bond has diminished during H.B.'s time in foster care.

In making the best-interests determination, we consider the child's safety; the best placement for furthering his long-term nurturing and growth; as well as his physical, mental, and emotional condition and needs. Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). That consideration may include the child's

integration into his foster family and whether the foster family is willing to adopt. *See* Iowa Code § 232.116(2)(b). Safety and the need for a permanent home mark the "defining elements in a child's best interests." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

Ravin has been unable to ensure H.B.'s safety in a drug-free home. Her continued substance abuse has led to three traumatic removals for her young son. As H.B.'s guardian ad litem opined: "I don't think it's fair to put him through that cycle over and over." The record shows the bond between mother and son has frayed. Ravin reported feeling "more like a babysitter" than H.B.'s parent during visits. Meanwhile, H.B. has "blended in easily" with his foster family and is affectionate with his foster parents. They are a pre-adoptive placement.

After our de novo review, we reach the same conclusion as the juvenile court that termination of parental rights was proper under sections 232.116(1)(h) and 232.116(2).[4]

**AFFIRMED.**

---

[4] The petition on appeal suggests in passing that the juvenile court should have given Ravin six more months to reunify with her son. Because that claim wasn't decided in the juvenile court, we do not reach it on appeal. *See In re M.H.*, 877 N.W.2d 139, 144 (Iowa Ct. App. 2016).